UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARL JACKSON,

                 Plaintiff,                          CIVIL ACTION NO. 12-CV-10645

        vs.                                          DISTRICT JUDGE STEPHEN J. MURPHY

                                                     MAGISTRATE JUDGE MONA K. MAJZOUB

LENIN AMARANTE, et al.,

                 Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION IN LIMINE [15], MOTION
TO COMPEL [22], MOTION OBJECTING TO SUBSTITUTION OF COUNSEL [39],
AND MOTION FOR DISCOVERY OF DOCUMENTS [41]**

        This is a *pro se* action filed by Plaintiff Karl Jackson, a Michigan state prisoner, alleging

civil rights violations under 42 U.S.C. § 1983.  (Docket no. 1.)  Before the Court are Plaintiff's

Motion in Limine (docket no. 15), Motion to Compel (docket no. 22), Motion Objection to

Substitution of Counsel (docket no. 39), and Motion for Discovery of Documents (docket no. 41).[1]

Defendants filed Responses to Plaintiff's Motion in Limine (docket no. 16) and Motion to Compel

(docket no. 27).  Defendant filed no replies.  All pretrial matters have been referred to the

undersigned for action.  (Docket no. 8).  The Court dispenses with oral argument on the motion

pursuant to E.D. Mich. LR 7.1(f).  The motion is now ready for ruling pursuant to 28 U.S.C.

§ 636(b)(1)(A).

I.      **Background**

_____

        [1]Also pending before the Court are Plaintiff's two Motions for Summary Judgment and
his Motion to Amend his second Motion for Summary Judgment.  (Docket nos. 20, 24, and 28.)
The Court will address these motions in a separate Report and Recommendation.

On November 27, 2010, Defendants Amarante and Qureshi, two Detroit Police Officers, responded to a call at Plaintiff's residence.  (*See* docket no. 1 at 7.)  When Plaintiff arrived a few minutes later, Defendants placed Plaintiff under arrest for the alleged assault and battery of his live-in girlfriend, which occurred earlier that day.  (*Id.* at 7-8)  Plaintiff alleges that (1) Defendants did not have probable cause for the arrest; (2) during the arrest, Defendants used excessive force; (3) his public arrest was humiliating; (4) his imprisonment following the arrest was unlawful; (5) the prosecution related to the arrest was malicious; and (6) Defendants committed intentional infliction of emotional distress.  (*Id.* at 6.)  The assault-and-battery charges against Plaintiff were dropped, but Plaintiff was convicted of an unrelated firearms charge on December 9, 2010.

## II.    Discovery Standard

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad.  *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998).  Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence.  Fed.R.Civ.P. 26(b)(1).  "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed.R.Evid. 401.  But the scope of discovery is not unlimited.  "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce."  *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party.  Fed.R.Civ.P. 33, 34.  A party receiving these types of discovery

requests has thirty days to respond with answers or objections.  Fed.R.Civ.P. 33(b)(2), 34(b)(2)(A).

If the receiving party fails to respond to interrogatories or RFPs, Rule 37 provides the party who sent

the discovery the means to file a motion to compel.  Fed.R.Civ.P. 37(a)(3)(B)(iii) and (iv).  If a court

grants a Rule 37 motion to compel, then the court must award reasonable expenses and  attorney's

fees to the successful party, unless the successful party did not confer in good faith before the

motion, the opposing party's position was substantially justified, or other circumstances would make

an award unjust.  Fed.R.Civ.P. 37(A)(5)(a).

## III.    Analysis

### A.    Plaintiff's Motion in Limine [15]

Plaintiff's Motion in Limine reads, in total, as follows:

> Plaintiff Jackson comes to this Honorable Court to exclude the defendants from
> using his past criminal history that happen (sic) before this civil suit was filed or any
> records pertaining to any criminal history that does not have anything to do with the
> events that happen (sic) on November 27, 2010 that led up to the filing of this civil
> litigation against the defendants[.]

(Docket no. 15.)  Plaintiff does not indicate from what phase of this matter he is seeking to have his

criminal history excluded; discovery is ongoing, and the matter has not been set for trial.  To the

extent that Plaintiff seeks to have his criminal history excluded from use at trial, his Motion is

premature.   Moreover, as Defendants argue, Plaintiff's criminal history may be used for

impeachment purposes under Fed.R.Evid. 609 or for other relevant purposes under Fed.R.Evid.

404(b) and 608.

Defendants assert that Plaintiff may be attempting to exclude any questions related to his

criminal history during his deposition.  (Docket no. 16 at 2-3.)  To the extent that Plaintiff is seeking

such a bar, while his ultimate criminal history may or may not be admissible at trial, questions

related to his criminal history may well be reasonably calculated to lead to the discovery of admissible evidence. As Defendants argue, this foundation is necessary to determine whether such information may be admissible under the various evidentiary rules noted herein. Therefore, the Court will deny Plaintiff's Motion in Limine.

### B.       Plaintiff's Motion to Compel [22]

In Plaintiff's Motion to Compel, Plaintiff indicates that he sent a letter to Defendants' attorney asking for certain information and documents. (Docket no. 22 at 1.) Plaintiff did not make a formal discovery request under Fed.R.Civ.P. 33 or 34. Defendants deny receiving the letter but indicate that when they received Plaintiff's Motion to Compel, they sent Plaintiff the information that he now seeks to compel. (Docket no. 27.)

The Court does not have the authority to compel discovery from a party that has not been properly served with a discovery request under the Rules. Moreover, it appears that Plaintiff's Motion is now moot. Therefore, the Court will deny Plaintiff's Motion to Compel.

### C.       Plaintiff's Motion Objecting to Substitution of Counsel [39]

On August 7, 2012, attorney Jerry L. Ashford filed an appearance in this matter on behalf of Defendants in place of attorney John A. Schapka. (Docket no. 35.) Attorney Schapka withdrew from the matter on August 38, 2012, indicating that he was no longer employed by the City of Detroit. (Docket no. 38.) Plaintiff objects to Defendants substitution of counsel for the following reasons: (1) counsel should have withdrawn at an earlier date; (2) Attorney Schapka committed perjury and fraud on the court and will not have to answer these accusations if he is permitted to withdraw; (3) Defendants have not shown good cause for the substitution; (4) Attorney Schapka was competent, and if Plaintiff cannot have counsel, Defendants should not be able to substitute counsel.

(Docket no. 39.)

"The right of a party to be represented by counsel of his or her choice is one which is fundamental to the adversarial process." *CenTra, Inc. V. Estrin*, 639 F.Supp.2d 790, 818 (E.D. Mich. 2009) (citations omitted).  Plaintiff appears to believe that substitution of counsel is only allowed on a motion and a showing of good cause.  Plaintiff is incorrect.  A motion for substitution of counsel is only necessary where counsel has been appointed by the court and the party seeks new counsel.  Such is not the case here.  Moreover, Defendants continue to be represented by counsel from the City of Detroit Law Department.  Attorney Ashford has simply stepped into the shoes of his former colleague who is no longer with the Department.  Therefore, the Court will deny Plaintiff's Motion Objecting to Defendants' Substitution of Counsel.

### D.      Plaintiff's Motion for Discovery of Documents [41]

Plaintiff's Motion for Discovery of Documents appears to be a discovery request filed with the Court in an attempt to procure the documents from Defendants.  (Docket no. 41.)  Such a filing is improper under E.D. Mich. LR 26.2 and Fed.R.Civ.P. 5(d)(1).  Discovery requests must be made in accordance with Rules 26 through 37.  *See* Fed.R.Civ.P. 26 - 37.  Therefore, the Court with deny Plaintiff's Motion for Discovery of Documents.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion in Limine [15] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel [22] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion Objecting to Substitution of Counsel [39] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Discovery of Documents [41] is **DENIED**.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of

this Order within which to file any written appeal to the District Judge as may be permissible under

28 U.S.C. 636(b)(1).


Dated: November 13, 2012          s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE



**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Karl Jackson and Counsel of
Record on this date.

Dated: November 13, 2012          s/ Lisa C. Bartlett
                                  Case Manager