UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARL JACKSON,

    Plaintiff,

Case No. 12-cv-10645

v.

HONORABLE STEPHEN J. MURPHY, III

LENIN AMARANTE, et al.,

    Defendants.

_____/

**ORDER ADOPTING REPORT & RECOMMENDATION**
(docket no. 43) **AND DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT** (docket nos. 20, 24) **AND MOTION TO AMEND** (docket no. 28)

This is a pro se civil rights action filed by Karl Jackson against Detroit police officers Lenin Amarante, Farad Qureshi, and two unknown officers. The Court referred all pretrial matters to a magistrate judge for resolution. *See* Order Referring Pretrial Matters, ECF No. 8. On November 13, 2012, the magistrate judge issued a Report and Recommendation ("Report") addressing two motions for summary judgment, and a motion to amend, all filed by Jackson. Report, ECF No. 43. The magistrate judge recommends that the Court deny all three.

Civil Rule 72 provides that a party's specific written objections to a magistrate judge's Report, filed within fourteen days of service, are entitled to de novo review. *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Jackson timely filed eight objections to the Report. *See* Objections, ECF No. 19. For the following reasons, the Court will overrule Jackson's objections, adopt the Report, and deny Jackson's motions.

## BACKGROUND

Jackson's claims stem from his 2010 arrest for assault and battery after his then-girlfriend, Petra Guerrero, allegedly telephoned the police with a domestic violence complaint. *See* Detroit Police Dept. Arrest Report, ECF No. 23-2. Defendants Amarante and Qureshi responded to the call. Jackson was not home at the time, but the officers spoke with Guerrero and with a neighbor, Kimberly Warmack. *See id.* Guerrero told them that Jackson had grabbed her by the neck, shoved her onto a chair, and threatened to have her killed after she told Jackson that she did not want to be in a relationship with him. *Id.* Warmack told the officers that she heard Jackson threaten Guerrero. *Id.* Jackson showed up while the police were still there, and Amarante and Qureshi arrested him for assault and battery. *Id.* The charges were later dropped.

In his complaint, Jackson contends that (1) Defendants did not have probable cause for the arrest; (2) during the arrest, Defendants used excessive force; (3) his public arrest was humiliating; (4) his imprisonment following the arrest was unlawful; (5) the prosecution related to the arrest was malicious; and (6) Defendants caused intentional infliction of emotional distress. *See* Compl., ECF No. 1. In motions filed on June 6, 2012, and July 17, 2012, Jackson moved for summary judgment on all claims. *See* ECF Nos. 20, 24. On July 30, 2012, Jackson filed a motion amending his motion for summary judgment. ECF No. 28. The magistrate judge recommends the Court deny the motions.

## DISCUSSION

Jackson raises eight objections to the magistrate judge's Report, all of which challenge Defendants' assertion that probable cause existed for Jackson's arrest. Five of Jackson's objections rely on the contention that Guerrero and Warmack's statements to the officers are inadmissible hearsay and therefore cannot be used to establish probable

cause. *See* Objections 2, 4, 5, 6, and 8. In the other three objections, Jackson argues that Defendants have not submitted evidence to support their claim that Guerrero called 911, or that the neighbor, Warmack, lived on Jackson's floor. *See* Objections 1, 3, and 7.

If Defendants can point to admissible evidence that creates a genuine issue of material fact as to whether probable cause existed for his arrest, Jackson is not entitled to summary judgment. *See* Fed. R. Civ. P. 56(a). "Generally, probable cause exists when the police have 'reasonably trustworthy information . . . sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense.' " *Gardenhire v. Schubert*, 205 F.3d 303, 315 (6th Cir. 2000) (citing *Beck v. Ohio*, 379 U.S. 89, 91(1964)). To assess probable cause, a court examines the "facts and circumstances within an officer's knowledge at the time of an arrest." *Id.* (citing *Estate of Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999). Here, the police report states that Guerrero told the officers that Jackson physically assaulted her and threatened to kill her, and that Warmack confirmed that she overheard the threat. These statements are sufficient to create an issue of fact as to whether the officers reasonably believed that Jackson had committed assault and battery. *See Gardenhire*, 205 F.3d at 315.

Jackson objects that the statements are inadmissible hearsay. *See* Fed. R. Evid. 801. Third-party statements in a police report — like those of Guerrero and Warmack — are inadmissible hearsay if introduced to prove the truth of the matter asserted. *See Miller v. Field*, 35 F.3d 1088, 1091 (6th Cir. 1994) (observing that the "statements of the victim . . . and various witnesses contained hearsay information, not facts observed by the preparer of the police report" and should have been deemed inadmissable). But Defendants do not seek to introduce Guerrero and Warmack's statements for their truth. Defendants offer the statements, not to prove that Jackson *assaulted* Guerrero, but to prove that she told the

police that he did, and that therefore the officers had probable cause for the arrest. *See United States v. Ott*, 229 F.3d 1155 (table), 2000 WESTLAW 1276744, at *5 (6th Cir. Aug. 28, 2000)("A police report detailing the facts of an alleged theft, which is offered only to prove that the theft was reported, says nothing whatsoever about whether that item was, in fact, actually stolen. Such a report is not offered to prove the truth of the matter asserted, and is not hearsay at all."). Accordingly, Jackson's hearsay objections are unavailing.

Because the police report is sufficient to create a fact issue with respect to Jackson's probable-cause claim, he is not entitled to summary judgment. The Court need not reach Jackson's other objections that Defendants have not submitted evidence to support their claim that Guerrero called 911, or that Womack lived on Jackson's floor.

**WHEREFORE** it is hereby **ORDERED** that the magistrate judge's Report & Recommendation (docket no. 18) is **ADOPTED.**

**IT IS FURTHER ORDERED** that Jackson's motions for summary judgment (docket nos. 20 and 24) and his motion amending his motion for summary judgment (docket no. 28) are **DENIED**.

**SO ORDERED.**

        s/Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated: January 3, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 3, 2013, by electronic and/or ordinary mail.

        Carol Cohron
        Case Manager