UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARL JACKSON,

        **Plaintiff,**                CIVIL ACTION NO. 12-CV-10645

vs.                            DISTRICT JUDGE STEPHEN J. MURPHY

                                  MAGISTRATE JUDGE MONA K. MAJZOUB

LENIN AMARANTE, et al.,

        **Defendants.**

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO COMPEL [44] AND MOTION TO HOLD CASE IN ABEYANCE [48]**

This is a *pro se* action filed by Plaintiff Karl Jackson, a Michigan state prisoner, alleging civil rights violations under 42 U.S.C. § 1983. (Docket no. 1.) Before the Court are Plaintiff's Motion to Compel (docket no. 44) and Motion to Hold Case in Abeyance (docket no. 48.) Defendants filed a Response to Plaintiff's Motion to Compel. (Docket no. 46.) All pretrial matters have been referred to the undersigned for action. (Docket no. 8). The Court dispenses with oral argument on the motions pursuant to E.D. Mich. LR 7.1(f). The motions are now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(A).

On November 27, 2010, Defendants Amarante and Qureshi, two Detroit Police Officers, responded to a call at Plaintiff's residence. (*See* docket no. 1 at 7.) When Plaintiff arrived a few minutes later, Defendants placed Plaintiff under arrest for the alleged assault and battery of his live-in girlfriend, which occurred earlier that day. (*Id.* at 7-8) Plaintiff alleges that (1) Defendants did not have probable cause for the arrest; (2) during the arrest, Defendants used excessive force; (3) his public arrest was humiliating; (4) his imprisonment following the arrest was unlawful; (5) the

prosecution related to the arrest was malicious; and (6) Defendants committed intentional infliction of emotional distress. (*Id.* at 6.) The assault-and-battery charges against Plaintiff were dropped, but Plaintiff was convicted of an unrelated firearms charge on December 9, 2010.

### A. Plaintiff's Motion to Compel

Plaintiff's Motion to Compel, filed on November 15, 2012, states that he served Defendants with discovery requests on September 27, 2012, and that he had not received a response. (Docket no. 44 at 1.) Plaintiff asks the Court to compel Defendants' production of documents pursuant to his discovery requests. (*Id.*) Defendants assert that they fully responded to Plaintiff's discovery requests on November 16, 2012; attached to Defendants' Response to Plaintiff's Motion was a copy of their responses to Plaintiff's discovery requests. (Docket no. 46.)

Although Defendants' discovery responses were not timely, Plaintiff does not appear to have been prejudiced by this delay. Moreover, Plaintiff has not requested any remedy other than an order compelling production. Thus, it appears that this matter has been resolved, and the Court will deny Plaintiff's Motion as moot.

### B. Plaintiff's Motion to Hold Case in Abeyance

Filed on November 29, 2012, Plaintiff's Motion asks the Court to hold this matter in abeyance until he is released from prison on December 10, 2012. (Docket no. 48.) Plaintiff was discharged from prison on December 10, 2012.[1] Therefore, the Court will deny Plaintiff's Motion as moot.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel [44] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Hold Case in Abeyance [48] is

---

[1] *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=219584

**DENIED**.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: April 23, 2013          s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Karl Jackson and Counsel of Record on this date.

Dated: April 23, 2013          s/ Lisa C. Bartlett
                               Case Manager